REITA G. CAMPBELL v. RAY O'SULLIVAN AND BUNCOMBE COUNTY

No. 6928SC47

(Filed 28 May 1969)

**1. Trial § 21— nonsuit — consideration of evidence**

The evidence must be taken in the light most favorable to the plaintiff in ruling upon the motion for judgment of nonsuit.

**2. Automobiles § 57— exceeding speed at intersections — ambulance — sufficiency of evidence**

In plaintiff's action to recover for personal injuries received in a collision between an automobile operated by her and an ambulance owned by defendant county and driven by defendant employee of the county, defendants' motion for judgment of nonsuit was properly denied where plaintiff's evidence tended to show that plaintiff, who was proceeding in a southerly direction on a city street, began a left turn across the northbound lane of travel in order to enter an intersecting street, that plaintiff then saw the ambulance come over the crest of a hill in the northbound lane at a speed of 55 to 60 miles per hour with its emergency light flashing, that plaintiff and her passenger, as well as an additional witness, heard no siren, that plaintiff returned to the southbound travel lane, and that the ambulance veered towards plaintiff and collided with her automobile in the southbound lane.

**3. Automobiles § 38— speed restrictions — exemptions — ambulances — instructions**

Where defendants alleged and offered proof that at the time of the accident their ambulance was an authorized emergency vehicle being operated on the city streets on an authorized emergency mission with its lights and siren on, trial court committed prejudicial error when it instructed the jury that if they should find that defendant was operating the ambulance at a speed in excess of 35 miles per hour, that finding would constitute negligence, since the instruction made a determination of the controverted issue as to whether the ambulance was traveling in an

emergency and effectively deprived defendants of their defense of being exempted from the speed limit.

**4. Automobiles § 38— speed restrictions — exemptions — ambulances**

The speed limitations set forth in G.S. Ch. 20 do not apply to public or private ambulances when traveling in emergencies. G.S. 20-145.

**5. Automobiles § 38— speed restrictions — exemptions — ambulances — form of instructions**

Where defendants alleged and offered proof that their ambulance was traveling on a city street in an emergency at the time of the accident, jury should have been specifically instructed that if they should find that defendant was operating a public ambulance and was traveling in an emergency at a speed in excess of 35 miles per hour on a public street where the maximum limit was 35 miles per hour, that such was not negligence *per se* and that in such event the common-law rule of ordinary care applies.

APPEAL by defendants from *Thornburg, S.J.,* 20 May 1968 Session of Superior Court of BUNCOMBE County.

Plaintiff seeks to recover damages of defendants for alleged personal injuries received on 31 December 1966 resulting from a collision of motor vehicles on Merrimon Avenue in the City of Asheville. It is alleged in the complaint that the injuries were caused by the negligence of defendant Ray O'Sullivan (O'Sullivan) in the operation of a 1966 model Chevrolet automobile (ambulance) owned by Buncombe County (County) while O'Sullivan was acting as agent, servant and employee of the defendant County.

Plaintiff alleged that the collision and resulting injuries were proximately caused by the negligence of O'Sullivan in that he operated the "Chevrolet automobile" without due caution and circumspection and without keeping a proper lookout, without keeping the same under proper control, at an excessive and unlawful rate of speed, and at a speed that was greater than was reasonable and prudent under the conditions and circumstances then and there existing; in that he failed to operate it on the right side of the highway, operated it on the wrong side of the highway, failed to yield one-half of the highway to plaintiff, and failed to yield the right-of-way to the plaintiff's vehicle which had already entered the intersection and was in the process of executing a left turn after giving a proper signal of her intention to make a left turn; by running into and colliding with the Buick "under the conditions and circumstances then and there existing"; and by failing to reduce speed while approaching an intersection.

In their answer defendants admitted the agency, denied negligence on the part of O'Sullivan, and alleged contributory and sole

negligence of Reita G. Campbell (plaintiff). Defendants each asserted a counterclaim against the plaintiff. O'Sullivan's claim was for personal injuries, and County's claim was for damages to its vehicle. Defendants alleged that the motor vehicle operated by O'Sullivan was an authorized emergency vehicle being operated at the time "on an authorized emergency mission with emergency warning devices, including blinking red light and siren."

Defendants alleged that the collision and resulting injury and damage to them proximately resulted from the negligence of the plaintiff, or that plaintiff was contributorily negligent in that she operated the Buick automobile negligently in wanton and reckless disregard for the rights and safety of others, without maintaining a proper lookout, without having same under proper control, and at a fast, reckless and unlawful rate of speed; in that she failed to yield one-half of the main traveled portion of the highway; in that she operated her vehicle on the left or wrong side of the highway; in that she violated G.S. 20-156(b) in failing to yield the right-of-way to the ambulance which was on official business and on an authorized emergency mission when the driver thereof was sounding audible signal by siren; in that she blocked the lane of travel of the ambulance which was traveling on an authorized emergency mission; and in that she collided with the ambulance which was proceeding lawfully on the highway.

Appropriate issues of negligence, contributory negligence, and damages were submitted to the jury. The jury answered the issues in favor of the plaintiff and against the defendants and awarded plaintiff damages in the sum of $307.54.

Defendants assign error and appeal to the Court of Appeals.

*Van Winkle, Buck, Wall, Starnes & Hyde by O. E. Starnes, Jr., and Williams, Morris & Golding by William C. Morris, Jr., for plaintiff appellee.*

*Uzzell & Dumont by Harry Dumont, and Robert D. Lewis for defendant appellants.*

MALLARD, C.J.

At the close of the evidence the defendants moved for judgment as of nonsuit and assign as error the failure of the court to allow the motion.

[1, 2]   The evidence must be taken in the light most favorable to the plaintiff in ruling upon the motion for judgment of nonsuit. The

evidence when thus viewed tends to show that on 31 December 1966 at about 5:00 or 5:30 p.m. while it was still daylight, the plaintiff was operating a 1962 model Buick automobile (Buick) in a southerly direction on Merrimon Avenue within the City of Asheville. O'Sullivan was operating the ambulance northerly on Merrimon Avenue. Merrimon Avenue is 45 to 50 feet wide, runs generally north and south, and is intersected along its east line by Annandale Avenue. Annandale Avenue is 24 feet wide and intersects with Merrimon Avenue but does not cross it. The roadway was dry. When the Buick and the ambulance collided, they were both in the southbound traffic lane on Merrimon Avenue just a few feet south of the center of the intersection of Annandale Avenue with Merrimon Avenue. Hillside Street intersects with Merrimon Avenue one block south of Annandale Avenue. From Hillside Street northward on Merrimon Avenue, there is an upgrade to a point about 112 feet to 200 feet south from the intersection of Annandale and Merrimon. The operator of another vehicle proceeding north on Merrimon Avenue testified that as he stopped for a traffic light at the intersection of Hillside Street and Merrimon Avenue, the light turned green and the ambulance passed him going north at a speed of about 60 miles per hour, that he heard no siren at any time but did see a flashing light on the top of the ambulance and that after the ambulance got about 200 feet in front of him, it "went sideways" and he saw the impact. This witness also testified "until you get almost to the crest of the hill you can't see over the crest of the hill." As the ambulance approached and crossed the crest of the hill, it was traveling at a speed of 60 miles per hour. The posted speed limit where the collision occurred was 35 miles per hour. Plaintiff, approaching the intersection with the intention of turning left into Annandale Avenue, gave a left turn signal, slowed down and stopped, and after looking and seeing no vehicles approaching started a left turn into Annandale Avenue. After the front wheels of plaintiff's vehicle had traveled into the northbound lane, she saw the ambulance come over the crest of the hill in the northbound lane at a speed of 55 to 60 miles per hour with its flashing light on top. Plaintiff and her passenger heard no siren. When the ambulance was about 100 to 150 feet away, it veered towards plaintiff and collided with the Buick being operated by plaintiff in the southbound lane of travel. After having begun the left turn, plaintiff's automobile had returned to the southbound lane of travel at the time of the collision. The right front of the ambulance struck the left front fender and wheel of the Buick. Plaintiff's face was cut, and she sustained other injuries in the collision.

[2]    Defendants' evidence in most of the essential details is in sharp

conflict with that of the plaintiff; however, we think there is ample evidence of O'Sullivan's alleged negligence to require submission of the case to the jury. Although defendant's offered evidence of negligence on the part of the plaintiff, we do not think the evidence shows contributory negligence as a matter of law. *Williams v. Funeral Home*, 248 N.C. 524, 103 S.E. 2d 714. It was a case for decision by the jury. Neither does the evidence fail to support the allegations of the complaint to such extent as to constitute a material variance. Defendants' assignment of error to the failure of the court to allow their motion for judgment as of nonsuit is overruled.

[3]     Defendants contend that the trial court committed error in instructing the jury as follows:

> "(T)he defendant has stated and argued that the maximum speed permitted by the law on Merrimon Avenue at its point of intersection with Annandale Avenue for vehicles such as the two involved in the accident in question is 35 miles an hour.
>
> So, if you should find that on the occasion in question the defendant was operating his motor vehicle at a speed in excess of 35 miles per hour, that would constitute negligence on the part of the defendant."

It is noted that in mimeographing the record in this case the letter "E" appearing in the original record docketed in this Court in front of the word "So" to delineate the portion excepted to was omitted. This is mentioned here so that the record will show that defendants made proper exception to this portion of the charge.

The vice in the above instructions consists, in part, of the statement by the court that the defendant has stated and argued that the maximum speed there for vehicles such as the two involved is 35 miles an hour. This statement was contradictory to the defendants' pleadings and evidence. There does not appear in the record any statement by the defendants that the maximum speed limit of 35 miles per hour was applicable to the ambulance. The record does not reveal what defendants' counsel argued to the jury.

[3, 4]     In defendants' pleadings it is alleged that the ambulance was an "authorized emergency vehicle" being operated on an "authorized emergency mission." Defendants' evidence tended to show that it was a public ambulance on an emergency mission and that it was being driven with a blinking red light on top and the siren operating. Under the provisions of G.S. 20-145, the speed limitations set forth in the statute do not apply to public or private ambulances when traveling in emergencies; therefore, the court committed prej-

udicial error when it instructed the jury that if they should find that "the *defendant was* operating *his* motor vehicle at a speed in excess of 35 miles per hour, that would constitute negligence on the part of the *defendant.*" This instruction made a determination of the controverted issue as to whether it was an ambulance traveling in an emergency and effectively deprived the defendants of their defense alleged under the exclusionary rule set forth in G.S. 20-145.

Plaintiff had not alleged the defendants' vehicle was an ambulance traveling in an emergency, but the defendants had so alleged and had offered evidence thereof. This made it a question for the jury. In the challenged instructions the trial court, without submitting it to the jury, determined the question adversely to the defendants.

[5]     With respect to speed the jury should have been, but was not, specifically instructed that if they should find that the defendant O'Sullivan was operating a public ambulance and was traveling in an emergency at a speed in excess of 35 miles per hour on a public street where the maximum speed limit was 35 miles per hour that such is not negligence *per se* and that in such event the common-law rule of ordinary care applies, and a speed in excess of 35 miles per hour is only evidence to be considered with other facts and circumstances in determining whether he used due care. The jury should have been further instructed that if they should find that defendant O'Sullivan was not operating an ambulance traveling in an emergency but was operating a motor vehicle on a public street at a speed in excess of 35 miles per hour where the maximum speed limit was 35 miles per hour that such would constitute negligence.

Later in the charge to the jury the court instructed the jury as follows:

> "The Court, however, instructs you that, in regard to the speed limitation which the Court has discussed was 35 miles an hour, we also have a statute which reads in pertinent part as follows: 'The speed limitation set forth shall not apply to public ambulances when operated with due regard to safety and traveling in an emergency. This exemption shall not, however, protect the driver of any such vehicle from the consequence of a reckless disregard for the safety of others.'

> So, if you find from the evidence that on the 31st day of December, 1966, the defendant was exercising due care in the operation of a public ambulance north on Merrimon Avenue toward its point of intersection with Annandale Avenue and was operating it with due regard for the rights and safety of others when traveling in response to an emergency call for his ser-

vices, then the speed limit of 35 miles an hour as discussed by the Court would not apply in this case."

This instruction seems to be correct, but it does not cure the error committed when the court charged the jury that if "the defendant was operating his motor vehicle at a speed in excess of 35 miles per hour, that would constitute negligence on the part of the defendant." The general instruction to the jury that "then the speed limit of 35 miles an hour as discussed by the Court would not apply in this case" did not serve to correct what the court had specifically said as to the effect of the defendant "operating his motor vehicle at a speed in excess of 35 miles per hour."

Later, in response to a question from the jury after they had had the case under consideration for some time, the trial court again instructed the jury in connection with speed in a different manner, as follows:

"Now, the first portion of the charge the Court gave as the Court recalls relating to an emergency vehicle was in relation to speed. As indicated by the Court, it was introduced into evidence by the plaintiff and stated in argument by one of the defense counsel that the posted speed limit was 35 miles per hour for vehicles approaching the intersection of Annandale and Merrimon. And the Court instructed you that on the occasion in question if the defendant was operating his motor vehicle at a speed in excess of 35 miles per hour that this would constitute negligence on his part, subject to the statutory provisions that the speed limitation set forth would not apply to private ambulances when operated with due regard for safety and traveling in an emergency."

The main difference in these latter instructions is that the court, after repeating that "if the defendant was operating his motor vehicle at a speed in excess of 35 miles per hour that this would constitute negligence on his part," added that this was "subject to the statutory provisions that the speed limitation set forth would not apply to private ambulances" under certain conditions. No "statutory provisions" concerning speed limitations with respect to "private ambulances" had been set forth by the court. The jury could not know to what statutory provisions the court referred. Also, the court refers in these latter instructions to a "private ambulance," whereas, in the prior instructions the court in reading what it referred to as pertinent parts of a statute had only referred to "public ambulances" in connection with a limitation upon speed.

We think that these different instructions tended to confuse the jury and that this is evidenced by the fact that the jury found it

necessary to return and ask the court for additional instructions with respect to "the law governing emergency vehicles."

Defendants have made other contentions, all of which have been carefully examined. Some are without merit and some may have merit but will probably not recur on a new trial. We do not deem it necessary to discuss all of defendants' contentions since there must be a new trial.

New trial.

BRITT and PARKER, JJ., concur.